(42 App. Div. 325.)

### HOGAN v. CITY OF WATERVLIET.

(Supreme Court, Appellate Division, Third Department.   July 6, 1899.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NEGLIGENCE—EVIDENCE.

    Where a city maintained a sidewalk sufficient for all ordinary purposes. the fact that it contained slight inequalities and depressions, in which water stood and froze, is insufficient to show negligence rendering the city liable for injuries to one who slipped on ice formed in such depressions.

Appeal from trial term, Albany county.

Action by Bridget Hogan against the city of Watervliet. There was judgment for plaintiff, from which defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

John H. Gleason, for appellant.
King & King, for respondent.

HERRICK, J. About 9 o'clock in the evening of March 15, 1895, the plaintiff slipped and fell on the sidewalk in the village of West Troy, now the city of Watervliet. Snow had been falling during the afternoon and evening of the 15th, and it is claimed on her behalf that under this snow there was ice, which was the cause of the accident. Prior to that, and on the 12th and 13th, there was a snowstorm, which turned into a thaw, with quite a heavy fall of rain, which appears to be conceded to have removed all the ice and snow from the streets and sidewalks of such village. On the 14th the weather changed, becoming colder, and on the 15th the weather was freezing. In the afternoon a slight snowstorm commenced, which continued during the evening. The sidewalks of the village of West Troy were made of flagstone, bricks, boards, earth, and gravel. The sidewalk in front of the premises where the plaintiff fell, known as "Lot No. 1,611," was an earth sidewalk. To the south of it there was a flagged sidewalk, known as the "Groner Sidewalk," which is several inches higher than the sidewalk in front of lot No. 1,611. Between the Groner sidewalk and lot No. 1,611 an alley about 12 feet in width crosses the sidewalk. It is somewhat depressed in the middle, and at that point is lower than the Groner sidewalk, or the one in front of lot No. 1,611. I think the preponderance of evidence shows the latter sidewalk to have been higher than the roadway and the lot adjoining; but the jury might have found from the evidence that there were inequalities or depressions in such sidewalk ("dished out," as some of the witnesses expressed it), which might, and probably did, retain water, which froze, and which they might have found was underneath the snow where the plaintiff slipped and fell. These inequalities and depressions appear to have been slight, and such as not to obstruct the ordinary use of the walk by the passers-by. It was a street much traveled, and appears to have been in practically the same condition for a number of years before the happening of this accident. The ice and snow had not been there a sufficient length of time to charge the village with negligence in not having removed it. The alleged negligence upon which the plaintiff bases her claim to recover is in permitting the existence or continuance of a sidewalk of this character, upon which water might collect and freeze, and thus become dangerous. There is evidence in the case upon which the jury might have found that the sidewalks generally were in a slippery condition that evening, owing to the sudden change of temperature and the recent fall of snow. But we must assume, I suppose, from the verdict, that the jury found that

the accident did not occur from a condition which prevailed generally in the village, but from one peculiar to this particular place, and that it also found that such accident would not have happened, except for the existence of these inequalities or depressions, which permitted the settling and freezing of water in them. It does not seem to me that the existence of such inequalities or depressions is sufficient to charge the village with negligence. I do not think we can hold that permitting the existence of so-called dirt or earthen sidewalks constitutes negligence; nor do I think we can hold it negligence if such walks are not kept in such a condition that water will not remain upon them in any spot or place a sufficient length of time to freeze in case of a sudden change of temperature. It is a physical impossibility for municipal authorities to keep all their sidewalks so graded and even that water falling upon them will not settle in spots or places, and freeze with changes of temperature, but immediately run off upon falling. It is common knowledge that, even with brick and flagged sidewalks, depressions and inequalities occur, sufficient to retain a small quantity of water, which, when there is a sudden change of temperature, will freeze and make slippery spots and places, which, when covered with a slight fall of snow, become places of danger. To hold that the defendant was negligent, under the evidence in this case, would be to hold that municipal authorities are negligent if they do not maintain their sidewalks in such a condition that it is impossble, in time of rains and thaws, for water to accumulate in spots or places upon them, and there freeze. That is to exact from municipal authorities more than reasonable care and caution, and is to impose requirements upon them that it is not practieable for them to comply with.

For these reasons, I think the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.